UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNIE WATSON AND<br>DARLENE WATSON<br><br>VERSUS<br><br>AMERICAN AIRLINES, INC. | CIVIL ACTION<br><br>No. 09-3842<br><br>SECTION I/4 |

### ORDER AND REASONS

Before the Court is a motion to remand filed by *pro se* plaintiffs, Ernie and Darlene Watson.[1] For the following reasons, the motion is **DENIED**.

*BACKGROUND*

On May 8, 2009, plaintiffs filed a lawsuit in Louisiana state court alleging that defendant, American Airlines ("American"), lost plaintiffs' luggage prior to a cruise vacation.[2] American removed this case to federal court on June 12, 2009 pursuant to 28 U.S.C. § 1331.[3] On October 7, 2009, plaintiffs, proceeding *pro se*, filed a motion to remand arguing that the amount in controversy is less than $75,000.[4]

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 1-2. Plaintiffs allege that their luggage was not returned to them until the last day of their cruise vacation.
[3] R. Doc. No. 1. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
[4] Because plaintiffs' motion challenges the subject matter jurisdiction of this Court, they are permitted to file it more than thirty days after the case was removed from state court. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 457 (5th Cir. 1998) (holding that a motion to remand based on purported lack of diversity jurisdiction was not required to be filed within thirty days of notice of removal).

1

*STANDARD OF LAW*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id. When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

Federal question jurisdiction gives United States District Courts subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]t is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Heimann v. Nat'l Elevator Indus. Pension Fund, 187 F.3d 493, 499 (5th Cir. 1999). An affirmative defense that raises a federal question is insufficient. MSOF Corp. v. Exxon Corp., 295 F.3d 485, 49 (5th Cir. 2002). "Even if a plaintiff has a federal cause of action, he 'may avoid federal jurisdiction by exclusive reliance on state law.'" Id. (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Therefore, a petition that does not assert a federal cause of action on its face may only be removed "where the federal law completely preempts a plaintiff's state law claim." Id. (quoting Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998)).

*DISCUSSION*

Defendants contend that this Court has jurisdiction over this action because plaintiffs' claims arise under the federal common law of the United States. Plaintiffs' complaint does not

expressly base its claim on either federal or state law. Due to the Airline Deregulation Act[5] (ADA), however, plaintiffs' claims must be based on federal law.

The ADA provides:

> [A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1). This provision preempts "[s]tate enforcement actions having a connection with, or reference to, airline rates, routes or services." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384 (1992). The term "services" includes baggage handling. Malik v. Continental Airlines, Inc., 305 Fed.Appx. 165, 168 (5th Cir. 2008). Therefore, state law claims having a connection with an airline's baggage handling services are preempted by § 41713(b)(1). Id. (citing Casas v. Am. Airlines, Inc., 304 F.3d 517, 525 (5th Cir. 2002) (specifically noting that a passenger's claims under state law for the loss of checked baggage are preempted by the ADA)).

Plaintiffs' do have a claim under federal common law. Id. at 170 ("We have recognized that the federal common law provides airline passengers with a cause of action for lost luggage."). Because that claim arises under federal law, this Court has jurisdiction over that claim. Plaintiffs' argue that their claim is worth less than $75,000. This argument must fail, however, because 28 U.S.C. § 1331 contains no amount in controversy requirement.[6] Accordingly,

**IT IS ORDERED** that plaintiffs' motion for remand[7] is **DENIED.**

---

[5] 49 U.S.C. § 41713 (1997).
[6] Plaintiffs' attachment cites Luckett v. Delta Airlines, 171 F.3d 295 (5th Cir. 1994), as evidence that federal common law does not apply. Even ignoring more recent 5th Circuit precedent directly on point, Luckett does not stand for the principle advanced by plaintiff. In Luckett, the 5th Circuit upheld jurisdiction on the basis of the diversity of the parties and it did not raise or address the issue of federal common law.
[7] R. Doc. No. 6.

**IT IS FURTHER ORDERED** that if plaintiffs intend any additional response[8] to defendant's motion to dismiss,[9] they shall do so **no later than Friday, October 23, 2009.**

The Clerk of Court is **ORDERED** to mail a copy of this order to plaintiffs at 1040 Marina Dr., Slidell, Louisiana 70458, by regular and certified mail.

New Orleans, Louisiana, October 14, 2009.

								_____
								**LANCE M. AFRICK**
								**UNITED STATES DISTRICT JUDGE**

---

[8] Plaintiffs filed an opposition to defendant's motion to dismiss on October 7, 2009. R. Doc. No. 7. Their response, however, argues only that they would prefer their case to be heard in state court.
[9] R. Doc. No. 3.